**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

GERMANTOM INTERNATIONAL GMBH,

                                                            **Index No.: 20-cv-918 (AKH)**

                        Plaintiff,

            vs.

EPOCH TIMES INC., UNIVERSAL
COMMUNICATIONS NETWORK INC. D/B/A
UNIVERSAL COMMUNICATIONS NETWORK NY OR
NEW TANG DYNASTY, NEW TANG DYNASTY
TELEVISION INC., NEW TANG DYNASTY, ZHONG
JOHN TANG

                        collectively,
                        Defendants

---

**PLAINTIFF'S ATTORNEY DECLARATION IN SUPPORT OF OPPOSITION TO**
**MOTION TO DISMISS THE COMPLAINT**
**AND**
**IN SUPPORT OF CROSS-MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Moritz C. Schumann pursuant to 28 U.S.C. § 1746 hereby declares under penalty of perjury as
follows:

        1.      I submit this Declaration in support of Germantom International GmbH's
("Germantom" or "Plaintiff") Opposition to Defendants'[1] Motion to Dismiss the Complaint and
in support of Plaintiff's Cross-Motion for Leave to Amend the Complaint.

        2.      On February 4, 2020, Plaintiff commenced this action by filing a complaint against
the Defendants. A copy of the complaint has been attached as Exhibit A[2] to Defendants' Attorney

---

[1] The defendants are Epoch Times Inc., Universal Communications Network Inc. d/b/a Universal Communications
Network NY or New Tang Dynasty, New Tang Dynasty Television Inc., New Tang Dynasty (collectively, the
"Corporate Defendants") and Zhong John Tang ("Mr. Tang," together with the Corporate Defendants, the
"Defendants").
[2]  All alphabetical exhibits refer to the exhibits attached to Defendants' Attorney Declaration.

Declaration.[3]

3.      Upon request of Defendants' counsel, I granted an extension to file the answer.

4.      On April 3, 2020, the Defendants filed an answer to the complaint (Exhibit B).

5.      Due to the Covid-19 pandemic unfolding, I sent an email to Hon. Judge Hellerstein's chambers on May 20, 2020 with Defendants' counsel on "cc" A copy of the e-mail is attached as Exhibit 1. The purpose of the email was to inquire about a pre-trial conference schedule and to inform this Court that both parties will agree on a case management plan. Defendants' counsel waited and did absolutely nothing to move this action forward. In addition, Defendants' counsel did not try to assist.

6.      On July 13, 2020, I reached out to Defendants' counsel per telephone regarding the status of a pre-trial conference and in order to move this action forward. I suggested to send a stipulation to this Court, which Defendants' counsel was not opposed to.

7.      On July 15, 2020, *only two days* [emphasis added] after the phone call with me and contrary to a stipulation, Defendants' counsel suddenly decided to send me a letter (the "Letter to Attorney" (Exhibit D). Defendants' counsel sent the Letter to Attorney about *two and a half months* [emphasis added] after he filed the answer (Exhibit B). The Letter to Attorney alleged procedural infirmity of service and invited me to discuss the matter.

8.      I reviewed the Letter to Attorney and discussed it with Plaintiff.

9.      On July 23, 2020, I subsequently discussed the Letter to Attorney with Defendants' counsel on the phone. The conversation, however, bore no fruit.

10.     On behalf of the Plaintiff I tried to continuously move this action forward despite the Covid-19 pandemic.

---

3 Defendants' Attorney Declaration refers to the declaration of Stewart L. Weisman, Esq. in Support of the Motion to Dismiss.

11.    The Defendants[4] were served in an authorized manner pursuant to Fed. R. Civ. P. 12(b)(5).

12.    As more fully set forth in detail in the accompanying declaration of the process server (Process Server Declaration), the process server informed my associate, Ms. Alexandra Beierlein, Esq. ("Ms. Beierlein"), that that once the receptionist knew that the documents were legal documents, she immediately changed to a hostile manner, deliberately hindered the process server's various attempts to serve the documents and utterly refused to be of any further assistance.

13.    In addition, the Defendants' receptionist never explicitly said that she was not authorized to accept service of process on behalf of the Defendants (Process Server Declaration).

14.    For that reason, the process server was left with no other option than to leave the complaints with the Defendants' receptionist on her counter in the general vicinity of the Defendants' office.

15.    Further, when a receptionist has been served on behalf of corporate defendants, there is no requirement to mail service of process to the corporate defendants pursuant to Fed. R. Civ. P. 4(h)(1)(B) or under New York CPLR.

16.    Contrary to the Defendants' allegations, no "new" affidavits of service have ever been filed with this Court on July 22, 2020 (Exhibit F).

17.    As a result of the Letter to Attorney, on or about July 18, 2020 my paralegal, Mr. Luke Gyure ("Mr. Gyure"), contacted the process server who served the complaints about the service of process on March 13, 2020. I further required additional time to review the allegations made by Defendants' counsel.

18.    The process server also informed Ms. Beierlein that the receptionist was the only

---

4 Mr. Tang will be removed as individual defendant pursuant to the proposed amended complaint (see Exhibit 3).

person in the closed-off reception area and therefore appeared in the eyes of the process server to be authorized to accept service of process.

19.     For the foregoing reasons, the process server added additional, clarifying language to the affidavits of service on July 22, 2020 (Exhibit F). The Georgia notary on the amended affidavits of service is not improper. The process server further informed Ms. Beierlein that the Georgia notary on the amended affidavits of service is owed to the circumstance that the process server was working remotely in the State of Georgia from July 4, 2020 until August 20, 2020 due to the Covid-19 pandemic when he added the language to the affidavits of service.

20.     In the event that this Honorable Court reaches the conclusion that the service of process was insufficient, Plaintiff asks this Honorable Court for an extension of time in order to reserve the Corporate Defendants through the New York Secretary of State.

21.     Further, at no point in time did Plaintiff circumvent any order of this court.

22.     Germantom had commenced a prior action against Epoch Media Group, LLC on November 8, 2019, Case No. 19-cv-10306 (AKH) (Exhibit G).  The prior action was dismissed by an order of this Court, dated December 20, 2019 with leave to replead because Plaintiff failed to identify the members of Epoch Media Group, LLC and allege their citizenship as required for jurisdiction (the "Order") (Exhibit H). The Order granted Plaintiff "leave to replead no later than 30 days from the Order." Therefore, the Order gave Plaintiff the *option to voluntarily replead* [emphasis added].

23.     Upon review of the Order and legal research to identify the members of Epoch Media Group, LLC, I noticed that Epoch Media Group, LLC was the wrong defendant and bore no relevance to this lawsuit.  I emphasize that the Order, however, did not pertain to Epoch Media Group, LLC being the wrong defendant (Exhibit H). For the foregoing reason, it was moot to identify the members of Epoch Media Group, LLC and to comply with the Order within the 30

4

days. A copy of the website excerpt of the New York Secretary of State for Epoch Media Group, LLC is attached as Exhibit 2.

24.      I consulted with Plaintiff and commenced a new action against the Defendants, which are ***completely different entities*** [emphasis added] to the prior action (Exhibit A).

25.      In addition, Defendants' counsel states that the Rule 7.1 Disclosure Statement, dated December 15, 2019 has not been reviewed (Exhibit I). Pursuant to the Rule 7.1 Disclosure Statement Defendants' counsel represents "Epoch Media Group [,] which is an assumed name for Epoch Group, Inc." (*Id*. and Exhibit J). This was, however, only an inadvertent oversight because the date of the filing of the Rule 7.1 Disclosure Statement and the Order almost coincided.

26.      Due to the Rule 7.1 Disclosure Statement and Mr. Tang signing the Cooperation Agreement as well as the Supplementary Agreement as President and CEO of Epoch Media Group, Plaintiff, however, proposes to remove Mr. Tang as individual defendant.

27.      In order to immediately remedy the situation, I therefore ask this Honorable Court to grant Plaintiff's cross-motion for leave to amend the complaint in order to include Epoch Group Inc. d/b/a Epoch Media Group as additional defendant and to remove Mr. Tang as individual defendant.  Defendants' counsel already confirmed its legal representation pursuant to the Rule 7.1 Disclosure Statement.  This action is not yet at discovery and there is therefore no prejudice to the Defendants.

28.      Further, as the complaint was filed on February 4, 2020 and the Defendants were served on March 13, 2020, the Defendants have been served within the required 90 days pursuant to Fed. R. Civ. P. 4(m).

29.      In the event that this Honorable Court reaches the conclusion that the defendants were not duly served within the 90 days after the complaint is filed, the plaintiff, however, may show good cause for the failure to timely serve. (see *AIG Managed Market Neutral Fund v. Askin*

*Capital Mgmt., L.P.,* 197 F.R.D. 104, 108 (S.D.N.Y.2000) "Good cause is measured against the plaintiff's recognizable efforts to effect service and the prejudice to the defendant from the delay").

30.     As seen in more detail in the accompanying declaration of the process server (Process Server Declaration), the process server diligently tried in several attempts to serve the receptionist on behalf of the Defendants. Once the receptionist recognized the documents to be legal documents, she immediately turned hostile, evaded service of process and refused any further communication or assistance. Therefore, the process server was confronted with exceptional circumstances beyond his control. As the Defendants clearly have knowledge of this action and discovery has not yet commenced, the Defendants are not prejudiced in any way.

31.     Moreover, even if this Honorable Court reaches the conclusion that Plaintiff failed to show good cause under Fed. R. Civ. P. 4(m), it is in the discretion of this Court to extend time to serve.  "When deciding whether to exercise discretion and extend the time for service of process, courts consider: '(1) whether the applicable statute of limitations would bar [a] refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.' "*Lederman v. Benepe*, No. 12 CIV. 6028 PGG, 2014 WL 1318356, at *4 (S.D.N.Y. Mar. 28, 2014).

32.     The Cooperation Agreement was signed in 2017 and the Supplementary Agreement was signed in 2018 (Exhibit A ¶28 and ¶50). Therefore, this action is not time-barred as the six-year statute of limitations for breach of contract, among others, has not run out. In addition, the Defendants clearly had actual notice of the complaint as they duly filed an answer on April 3, 2020. Although the Defendants did not attempt to conceal any alleged defective service, their receptionist acted in a hostile and irresponsive manner towards Plaintiff's process server (Process Server Declaration). As discovery has not even commenced in this action, Defendants are not

prejudiced in any way.

33.     Therefore, Plaintiff asks this Court to grant Plaintiff a discretionary extension to reserve the Corporate Defendants even if it reaches the conclusion that good cause pursuant to Fed. R. Civ. P. 4(m) did not exist.

34.     At no point in time did Plaintiff approach this Court with unclean hands. This is an absurd allegation of the Defendants to try to justify their motion to dismiss. (see *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, 842 F. Supp. 2d 682, 712 (S.D.N.Y. 2012) "The doctrine of unclean hands is "never used unless the plaintiff is guilty of immoral, unconscionable conduct and even then only when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct").

35.     Neither did Plaintiff violate the Order nor did Plaintiff's law firm ask the process server to file "new" affidavits. The Georgia notary is further not improper. Further, Plaintiff asks this Honorable Court for leave to amend the complaint to include Epoch Group Inc. d/b/a Epoch Media Group as additional defendant and to remove Mr. Tang as individual defendant. All events, however, neither amount to immoral, unconscionable conduct nor to a finding of bad faith.

36.     In addition, Defendants' counsel incorrectly suggests that the alleged irregularities can also serve as predicates to support a *sua sponte* involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) (Defendants' Attorney Declaration ¶¶25 et. seq.).   "[Courts] have acknowledged that dismissal with prejudice is "***a harsh remedy to be utilized only in extreme situations*** [emphasis added]." *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir. 1972). Under Federal rules of civil procedure "[f]ailure to prosecute is not defined in Rule 41(b). It can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

37.     Plaintiff neither failed to prosecute nor failed to comply with the federal rules or a

court order. These are "hoax" allegations by the Defendants to try to justify a motion to dismiss this complaint. Contrary to any assertions of the Defendants, and even despite the Covid-19 pandemic unfolding, I ***continuously*** [emphasis added] tried to move this action forward. I sent an email to Hon. Judge Hellerstein's chambers on May 20, 2020 with Defendants' counsel on "cc" to inquire about a pre-trial conference. I further reached out to Defendants' counsel per telephone regarding the status of a pre-trial conference and in order to move this action forward. At no point in time did this case lie dormant nor were any dilatory tactics used. For that reason, there is no evidence of any failure to prosecute.

38.     Further, any dismissal under Fed. R. Civ. P. 41(b) for any alleged failure to comply with the Order of this Court shall fail.

39.     As Epoch Media Group, LLC was the wrong defendant, I had no other choice than to let the 30 days pursuant to the Order lapse. I subsequently sued ***completely different*** [emphasis added] entities of the Epoch Media Group as new defendants. I propose to amend the complaint to include Epoch Group Inc. d/b/a Epoch Media Group as additional defendant and to remove Mr. Tang as individual defendant. As such, any dismissal under Fed. R. Civ. P. 41(b) is not warranted. As this action is prior to discovery, the Defendants cannot show to be prejudiced. Lastly, any dismissal under Fed. R. Civ. P. 41(b) would deny Plaintiff the right to be heard as the Order did not put Plaintiff on notice that failure to comply would result in dismissal under Fed. R. Civ. P. 41(b). This Court would further be required to adequately consider a sanction less drastic than dismissal.

40.     I ask this Honorable Court for leave to amend the complaint for the ***first time*** [emphasis added] in order to add Epoch Group Inc. d/b/a Epoch Media Group as additional defendant and to remove Mr. Tang as individual defendant. A copy of the proposed amended complaint as blackline and clean version is attached as Exhibit 3.

41.      Under Federal Rule of Civil Procedure 15(a)(2), courts "***should freely give leave [to amend] when justice so requires*** [emphasis added]." Leave to amend an answer "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust–Oleum Corp.,* 244 F.3d 104, 110 (2d Cir.2001).

42.      There is no evidence of undue delay, bad faith, undue prejudice or futility.

43.      Contrary to the Defendants' assertions, the Order of this Court in the previous action only related to identify the members of Epoch Media Group, LLC and their citizenship. As shown above, Epoch Media Group, LLC, however, was the wrong defendant and it was moot to follow the Order.  As I propose to amend the complaint and to add Epoch Group Inc. d/b/a Epoch Media Group as additional defendant and to remove Mr. Tang as individual defendant, there is neither evidence of bad faith nor prejudice. Plaintiff and the Defendants have not even commenced discovery. This action is therefore not on the eve of trial. In addition, Defendants' counsel also declared that he represents Epoch Group Inc. (Exhibit I). Defendants' counsel is already familiar with this action and no delay can be shown. As Epoch Group Inc. d/b/a Epoch Media Group is related to the current Epoch Media defendants, it is essential for judicial efficiency that Epoch Group Inc. d/b/a Epoch Media Group is added as additional defendant to ***this*** [emphasis added] action. As "Epoch Media Group" was the signor of the Cooperation Agreement as well as the signor of the Supplementary Agreement (Exhibit A ¶28 and ¶50), and the action is, among others, for breach of contract (Exhibit A ¶¶68 et. seq.), there is clearly a viable claim.

44.      For all of the foregoing reasons, Defendants' motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process and failure to serve the complaint within the ninety (90) days pursuant to Fed. R. Civ. P. 4(m) should be denied. Plaintiff's cross-motion for leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2) and Fed. R. Civ. P. 21 should be, however, granted.

Dated: New York, New York
September 18, 2020

/s/ Moritz C. Schumann

_____

By: Moritz C. Schumann, Esq.
SCHUMANN BURGHART LLP
1500 Broadway, Suite 1902
New York, NY 10036
Telephone: (646) 502 5944
Telefax: (646) 530 8286
E-mail: mschumann@sbuslaw.com
*Attorney for Plaintiff Germantom International GmbH*